IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MOBILE COUNTY WATER, SEWER AND FIRE PROTECTION AUTHORITY, INC.,** ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 07-0357-WS-M |
| **MOBILE AREA WATER AND SEWER SYSTEM, INC.,** ) ) ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on Defendant's Motion to Stay Discovery (doc. 41). The Motion has been briefed and is now ripe for disposition.

The relevant procedural history of this action is as follows: On May 18, 2007, plaintiff Mobile County Water, Sewer and Fire Protection Authority ("MCWSFPA") filed the Complaint (doc. 1) alleging that defendant, Mobile Area Water and Sewer System ("MAWSS"), was in violation of the Sherman Act, 15 U.S.C. §§ 1 & 2, as well as an Alabama statute providing relief for one injured by an unlawful monopoly. MCWSFPA grounded these claims on MAWSS's practice of "tying" the purchase of water service to the purchase of sewer service in the service territory shared by these two public utilities. MAWSS was served with process on June 13, 2007, and filed an Answer (doc. 11) nine days later. At that time, MAWSS did not file a Rule 12(b)(6) motion seeking dismissal of the action based on state action immunity or any other ground. On September 4, 2007, the parties submitted their Report of Parties' Planning Meeting (doc. 18) in which they agreed to various proposed pretrial and trial deadlines. Magistrate Judge Milling entered a Rule 16(b) Scheduling Order (doc. 19) on September 7, 2007, fixing deadlines for, *inter alia*, discovery, dispositive motions, the final pretrial conference and trial. The Scheduling Order cautioned the parties that requests to extend the discovery deadline would be viewed with great disfavor and would not be considered absent a showing of extraordinary

circumstances.

Some two months later, after the discovery period was well underway, MAWSS filed a Motion for Summary Judgment (doc. 37) predicated on the following grounds: (a) state action immunity bars all of plaintiff's federal antitrust claims; (b) alternatively, plaintiff cannot prove "economic coercion" as is necessary to establish an antitrust tying claim; and (c) because MCWSFPA's federal antitrust claims fail as a matter of law, its state-law claim must fail as well. Briefing of that Rule 56 Motion is ongoing, and that Motion will become ripe on December 17, 2007.

Now, with summary judgment briefing in progress and the clock ticking on the discovery period and other pretrial deadlines established by the Scheduling Order, MAWSS has filed a Motion to Stay Discovery arguing that because its "primary argument" on summary judgment is the purely legal question of whether state action immunity applies, discovery should be stayed until that issue has been resolved. Defendant insists that no discovery is needed to decide the state action immunity issue, and that both Eleventh Circuit precedent and the interests of efficiency demand that the expensive and burdensome discovery process be frozen in the interim. In response to a court briefing schedule on the Motion to Stay, the parties submitted memoranda that read more like an abridged recitation of their respective summary judgment positions than a discussion of the narrow procedural question presented by the Motion to Stay. Such jousting on the merits strays far afield from the issue at hand.

Nonetheless, after careful review of the parties' memoranda and the entire court file, the Court is of the opinion that no stay of discovery is warranted in these circumstances.[1] Three considerations inform this result. First, the Eleventh Circuit authority cited by MAWSS in favor of a stay sounds in the Rule 12 context, not the summary judgment context.[2] Defendant

---

[1] A request for a stay of discovery is committed to the sound discretion of the district court. *See Lee v. Etowah Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir. 1992); *Moore v. Potter*, 2005 WL 1600194, *3-4 (11th Cir. July 8, 2005).

[2] *See, e.g., Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (observing that facial challenges to the legal sufficiency of a claim should be resolved before discovery begins); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (finding no abuse of discretion in district court's decision to suspend discovery before ruling on motion for

maintains that there is "no principled reason" why the two scenarios should be treated differently.  (Doc. 41, at 3.)  The Court disagrees.  It is one thing to suspend discovery when a Rule 12(b) motion raising an exclusively legal issue is raised at the outset of the case, before any scheduling order has entered and before any deadlines have been set.  It is altogether different to halt discovery that is already underway, effectively scuttling all pretrial deadlines and delaying the trial indefinitely, because a defendant elects to file a motion for summary judgment raising a purely legal defense that it could have raised in a Rule 12(b) motion before any of those deadlines had been established or discovery had commenced.  Here, MAWSS could have filed a Rule 12(b)(6) motion on state action immunity grounds as its responsive pleading;[3] however, it elected not to litigate this defense until after a Rule 26(f) conference had occurred, a scheduling order had been entered, and the discovery period had commenced.  To stay discovery now so that this legal defense could be resolved would grind the entire machinery of this litigation to a screeching halt.

      Second, MAWSS overlooks the fact that its Motion for Summary Judgment is framed in the alternative, raising both the strictly legal question of state action immunity and the mixed fact/law question of whether MCWSFPA can prove coercion.  Plaintiff argues that it requires discovery to make the coercion showing that defendant's Rule 56 Motion contends plaintiff cannot make.  (Doc. 43, ¶¶ 24-26.)  MAWSS does not dispute the legitimacy of MCWSFPA's need for discovery to respond to the coercion argument, but urges the Court to ignore the coercion issue for now because the state action immunity argument will dispose of the case.  (Doc. 44, at 6.)  In essence, then, MAWSS's solution to MCWSFPA's obvious need for

---

judgment on pleadings); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible").

[3]    In its Answer to the First Amended Complaint (doc. 11) filed on June 22, 2007, MAWSS stated as its Eighth Affirmative Defense that "[t]his Defendant affirmatively pleads State Action immunity."  (Doc. 11, at 5.)  Thus, defendant was aware of its state action immunity defense, but allowed this litigation to proceed for nearly five months before it filed a dispositive motion, knowing that scheduling orders, deadlines and discovery obligations would all be set in motion in the meantime.

discovery to address a portion of the Rule 56 Motion would be to have the Court bifurcate the Motion for Summary Judgment by staying discovery, ruling on the state action immunity portion of the Rule 56 Motion, and then, if that immunity argument does not carry the day, reopening discovery, allowing further briefing after that discovery period concludes, and taking the coercion issue under advisement at that time.  The Court declines to adopt such a convoluted, inefficient, piecemeal mechanism for resolution of the issues that defendant joined in its Motion for Summary Judgment.  Having brought a Rule 56 Motion that raises fact issues reasonably requiring discovery, defendant cannot now be heard to entreat the Court to ignore those issues so that discovery can be stayed while some other part of the Rule 56 Motion is litigated.

Third, defendant's Motion to Stay appears rooted in its perception that the Court views the state action immunity defense as a surefire winner.  But the Court has made no final ruling on the merits as to that defense.  To be sure, in denying plaintiff's motions for temporary restraining order and preliminary injunction, the undersigned opined that "it appears substantially likely that MAWSS will be able to establish on the merits the affirmative defense of state action immunity."  (Order dated Oct. 29, 2007 (doc. 36), at 10.)  But the Court also recognized that the TRO/ preliminary injunction briefing had been highly compressed, and specifically set forth the caveat that no final finding was being made that plaintiff could not overcome the state action immunity defense.  (*Id.* at 8-9, n.9.)  So, while MAWSS's Motion to Stay Discovery apparently assumes that it will prevail on the state action immunity defense, what happens if it does not? This litigation timetable will have been derailed, with the stay operating as a *de facto* amendment of all remaining scheduling order deadlines.  A new scheduling order would have to be entered, and the final disposition of this case would be delayed indefinitely because of the needless suspension of the discovery process.  Under the particular circumstances of this case, the Court finds that whatever incremental burden MAWSS may face in participating in discovery while its Motion for Summary Judgment is pending is substantially outweighed by the Court's and the litigants' interest in the efficient and timely resolution of disputes, the burden on the Court in refashioning the Scheduling Order if the immunity aspect of the Rule 56 Motion does not succeed, and the equitable consideration that MAWSS could have prevented this dilemma had it moved to dismiss the Complaint on state action immunity grounds at the outset of this litigation (before the Rule 26(f) meeting, before entry of the scheduling order, and before the onset of

discovery) rather than waiting until now to do so.

For all of the foregoing reasons, Defendant's Motion to Stay Discovery (doc. 41) is **denied**.


DONE and ORDERED this 3rd day of December, 2007.


s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
